**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DONALD TODD, | No. CV 08-7945-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on December 5, 2008, seeking review of the Commissioner's denial of his application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on January 15, 2009, and August 6, 2009. The parties filed a Joint Stipulation on June 26, 2009, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on October 22, 1954. [Administrative Record ("AR") at 107.] He has a college education [AR at 124], and no past relevant work experience. [AR at 14.]

On November 4, 2005, plaintiff protectively filed an application for Supplemental Security Income payments, alleging that he has been unable to work since January 2, 2005, due to diabetes, glaucoma, depression, and vision problems. [AR at 107-10, 114, 119.] After his application was denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 67-73, 74.] A hearing was held on February 1, 2007, at which plaintiff appeared without counsel. The hearing was continued to give plaintiff the opportunity to obtain counsel. [AR at 63-65.] A subsequent hearing was held on May 23, 2007, at which plaintiff again appeared without counsel; the hearing proceeded, and he testified on his own behalf. Testimony was also received from a vocational expert and a medical expert. [AR at 37-60.] On December 4, 2007, the ALJ determined that plaintiff was not disabled. [AR at 7-16.] Plaintiff requested review of the hearing decision. [AR at 18-19.] The Appeals Council denied plaintiff's request for review on October 10, 2008. [AR at 1-3.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well

as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A.   THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled

and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff has not engaged in any substantial gainful activity since the date of plaintiff's application for benefits. [AR at 9.] At step two, the ALJ concluded that plaintiff has the "severe" impairments of insulin dependent diabetes mellitus, glaucoma, obesity and depression. [AR at 9.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [AR at 9.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[1] to perform medium work,[2] limited to tasks involving simple instructions and simple decisions, and to reading of type 1/8 of an inch or larger. [AR at 10.] At step four, the ALJ concluded that plaintiff has no past relevant work. [AR at 14.] Finally, using the Medical-Vocational Guidelines and the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. [AR at 14-15.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 14-16.]

/

/

---

[1]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[2]   Medium work is defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). If a plaintiff is able to perform medium work, he or she is also deemed able to perform sedentary and light work. See id.

V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ failed to satisfy his duty to fully and fairly develop the record by not issuing a subpoena for plaintiff's records from the federal prison in Texas, despite his representations at the hearing that he would do so. Joint Stipulation ("Joint Stip.") at 4-5, 9-10. As set forth below, the Court agrees with plaintiff, and remands the matter for further proceedings.

The ALJ in a Social Security case has an independent "'special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288). This duty extends to the represented as well as to the unrepresented claimant. Id. When a plaintiff "is not represented by counsel, the administrative law judge's duty is 'to scrupulously and conscientiously probe into, inquire of and explore for all relevant facts[,]' and he must be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981) (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)).

The responsibility to see that the duty to develop the record is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001). The ALJ's responsibility derives in part from the basic premise that disability hearings are not adversarial in nature. See Sims v. Apfel, 530 U.S. 103, 110-11, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). It is also based on the regulatory directive that, in an administrative hearing, the ALJ "looks fully into the issues." See 20 C.F.R. §§ 404.944, 416.1444; see also Pearson v. Bowen, 866 F.2d 809, 812 (5th Cir. 1989) (recognizing ALJ's "duty of 'full inquiry' under 20 C.F.R. § 416.1444"). As part of this duty, the ALJ has an obligation to take reasonable steps to ensure that issues and questions raised by medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information, both favorable and unfavorable

to the claimant. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999); see also Cox, 587 F.2d at 991.

On March 11, 2006, Dr. Sophie Duriez performed a complete psychiatric evaluation of plaintiff, in which she noted that plaintiff reported a history of anger and difficulty controlling his mood when he is angry, as well as an impaired ability to "feel in a normal state of mood" when his blood sugar is low. [AR at 197-201.] On March 17, 2006, Dr. Raymond Lee performed an internal medicine examination of plaintiff, in which he noted that plaintiff reported that when his blood sugar is low, "he has been told that he becomes violent and agitated." [AR at 205-09.] During the examination, plaintiff also reported that he had an average of "five very bad episodes of hypoglycemia [while he was incarcerated], which were associated with his violent behavior and altered mental status." [AR at 205.] At the hearing on May 23, 2007, plaintiff testified that when his blood sugar is low he has extremely violent episodes. [AR at 48, 54-55.] Plaintiff indicated that his prison records from Texas would corroborate his testimony regarding his low blood sugar and resulting violent behavior, that he had been unable to obtain the records, and that is why he had requested that the court subpoena the records. [AR at 49.] Plaintiff also requested that the ALJ obtain the testimony of the medical sources that treated his low blood sugar problem during his incarceration. [AR at 49, 55-56.] The ALJ asked the medical expert if violence was an effect of low blood sugar. [AR at 55.] The medical expert testified that, because he is not an expert in that area, another speciality would be better suited to address the issue of whether low blood sugar results in violent behavior. [AR at 55-56.] The ALJ then stated that he would subpoena plaintiff's medical records from the federal prison in Fort Worth, Texas. [AR at 49-50, 56.] See 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1) ("When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing."). Despite the ALJ's statement, however, no subpoena was issued. Rather, in an effort to obtain plaintiff's prison records, the ALJ sent a request for medical evidence and a medical source statement form to the Federal Medical Center

in Fort Worth, Texas. [AR at 245-56, 261-62.] Although the ALJ requested medical information and left the record open specifically to obtain additional evidence, plaintiff's prison records were not submitted. On November 12, 2007, plaintiff requested another hearing and again requested that the ALJ subpoena the testimony of the medical personnel who treated him at the Federal Corrections Institution in Fort Worth, Texas. [AR at 169.] Plaintiff indicated that the medical personnel would provide testimony "of physical confrontation with [plaintiff] over a period of [fifteen] years from 'hypoglycemia reaction' caused by a diabetic condition." [AR at 169.] There is no indication in the record that the ALJ issued any such subpoena.

The ALJ failed to discharge his special duty to fully develop the record with respect to plaintiff's allegations of low blood sugar and resulting violent episodes. In light of the ALJ's apparent determination that medical information contained in plaintiff's prison records was reasonably necessary for the full presentation of the case, and given that plaintiff was not represented by counsel at the May 23, 2007, hearing, the ALJ should have issued a subpoena for plaintiff's records from the federal prison in Texas as he represented he would do.[3] See 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1); see also Cox, 587 F.2d at 991 (when a claimant does not have counsel, the ALJ has a special duty to inquire into and explore all relevant facts); Thompson v. Schweiker, 665 F.2d 936, 939 (9th Cir. 1982) ("ALJ's failure to pursue relevant avenues of inquiry, or to assist the claimant, who appeared pro se, deprived [the claimant] of his right to an impartial

---

[3] Plaintiff apparently was incarcerated in federal prison from November 1991 through August 2005. [AR at 49, 169.] Plaintiff protectively filed his application for benefits on November 4, 2005. [AR at 107-10, 114.] Although plaintiff's prison records predate the date of his application [AR at 49, 169, 107], and Social Security Income is not payable for a period prior to a claimant's application (see, e.g., Smith v. Astrue, 2008 WL 2705168, *1 n. 2 (C.D. Cal. July 7, 2008)), plaintiff's prison records may lend support to his allegations of violent episodes due to low blood sugar, and thus provide support for his disability claim. [AR at 21-35, 48, 54-55, 198, 205.] See, e.g., Hamlin v. Barnhart, 365 F.3d 1208, 1223 n. 15 (10th Cir. 2004) (evidence that predates the alleged onset date is relevant to a claimant's medical history); DeBoard v. Commissioner of Social Sec., 211 Fed.Appx. 411, 414 (6th Cir. 2006) (evidence predating the onset of disability, when evaluated in combination with later evidence, may help establish disability); Lackey v. Barnhart, 127 Fed. Appx. 455, 458 (10th Cir. 2005) (ALJ should not ignore medical reports simply because they predate the alleged onset of disability). Evidence of plaintiff's violent episodes, if substantiated, could also impact on the ALJ's credibility determination.

decision based upon an adequate record"). Although the ALJ does not have contempt authority to enforce the subpoena, the prison may have been more inclined to respond to a subpoena than to a simple request, as "[p]ersistent refusal of any subpoenaed individual to appear as a witness at a hearing or provide requested documents or facts may result in contempt proceedings if the Commissioner obtains an order from a Federal district court." Hearings, Appeals and Litigation Law Manual[4] I-2-5-82. Accordingly, remand is warranted. The ALJ is instructed on remand to issue a subpoena for plaintiff's prison records and to conduct any further proceedings deemed necessary based on the response.[5]

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to fully develop the record. The ALJ is instructed to take such further action as is deemed appropriate and consistent with this decision.

---

[4] The Social Security Administration's Hearing, Appeals and Litigation Law Manual ("HALLEX") is an internal manual, does not have the "force and effect of law," and is not binding on the Court. See Bunnell v. Barnhart, 336 F.3d 1112, 1115 (9th Cir. 2003) (citing Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000)). However, HALLEX provides Social Security Administration interpretations of its own regulations. See McNatt v. Apfel, 201 F.3d 1084, 1088 (9th Cir. 2000).

[5] Although remand is warranted in order for the ALJ to attempt to further develop the record by issuing a subpoena to obtain plaintiff's prison records, the inability to obtain the records through a subpoena does not necessarily mean that a decision concerning plaintiff's claim cannot be reached if it is supported by substantial evidence. Moreover, further development of the record by the ALJ does not relieve plaintiff of his obligation to produce medical records in support of his disability claim. See Smolen, 80 F.3d at 1389; see also 20 C.F.R. §§ 404.1512(a), 416.912(a) (the claimant "must furnish medical and other evidence that [the Social Security Administration] can use to reach conclusions about [the claimant's] medical impairment(s)"). In fact, plaintiff may be in a better position to request his prison records given that he can consent to the release of such records, and as he now has counsel to assist in his efforts.

8

1  Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

DATED: August 13, 2009

                                          PAUL L. ABRAMS
                              UNITED STATES MAGISTRATE JUDGE